O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| | Case No. 5:15-CV-01779 (VEB) |
| MARYANN CABRERA CASTANEDA, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| NANCY BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In April of 2010, Plaintiff Maryann Cabrera Castaneda applied for Disability Insurance benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorney, William M. Kuntz, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10, 11, 19, 22). On December 12, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 18).

## II. BACKGROUND

Plaintiff applied for Disability Insurance benefits on April 27, 2010, alleging disability beginning April 1, 2009. (T at 135).[2]  The application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On March 15, 2012, a hearing was held before ALJ Jesse J. Pease. (T at 22). Plaintiff appeared with her attorney and testified. (T at 26-40).   The ALJ also received testimony from Corinne Porter, a vocational expert. (T at 40-47).

On March 27, 2012, ALJ Pease issued a written decision denying the application for benefits.  (T at 7-20).  The Appeals Council denied Plaintiff's request for review on February 14, 2013. (T at 1-7).  Plaintiff commenced an action in

[2] Citations to ("T") refer to the administrative record at Docket No. 14.

United States District Court for the Central District of California seeking review of the Commissioner's decision.  On November 6, 2013, the Honorable Alka Sagar, United States Magistrate Judge, approved a Stipulation between the parties and remanded the case for further proceedings. (T at 392-98).  The Appeals Council in turn remanded the matter to an ALJ. (T at 399-403).

A second administrative hearing was held on March 25, 2015, also before ALJ Pease.  Plaintiff again appeared with her attorney and testified. (T at 315-320). The ALJ also received testimony from Robin Generaux, a vocational expert (T at 323-331, 336-337), and Roger Castaneda, Plaintiff's husband. (T at 320-322, 332-334).

ALJ Pease issued a second decision denying the application for benefits on May 5, 2015. (T at 291-309).  This decision now represents the Commissioner's final decision.

On September 1, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on January 4, 2016. (Docket No. 13). The parties filed a Joint Stipulation on April 12, 2016. (Docket No. 17).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

DECISION AND ORDER – CABRERA v BERRYHILL 5:15-CV-01779-VEB

# III. DISCUSSION

## A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a

DECISION AND ORDER – CABRERA v BERRYHILL 5:15-CV-01779-VEB

medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work

experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

DECISION AND ORDER – CABRERA v BERRYHILL 5:15-CV-01779-VEB

1  evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

2  n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

3  599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

4  reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

5  *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

6  conclusions as the [Commissioner]  may reasonably draw from the evidence" will

7  also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

8  the Court considers the record as a whole, not just the evidence supporting the

9  decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

10  1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

11       It is the role of the Commissioner, not this Court, to resolve conflicts in

12  evidence.  *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

13  interpretation, the Court may not substitute its judgment for that of the

14  Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

15  Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

16  set aside if the proper legal standards were not applied in weighing the evidence and

17  making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

18  432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the

19  administrative findings, or if there is conflicting evidence that will support a finding

20

7

DECISION AND ORDER – CABRERA v BERRYHILL 5:15-CV-01779-VEB

1   of either disability or non-disability, the finding of the Commissioner is conclusive.

2   *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

3   **C.    Commissioner's Decision**

4   The ALJ determined that Plaintiff had not engaged in substantial gainful

5   activity since April 1, 2009, the alleged onset date, and met the insured status

6   requirements of the Social Security Act through December 31, 2013 (the "date last

7   insured"). (T at 296).  The ALJ found that Plaintiff's hypertension (poor controlled),

8   diabetes mellitus (poorly controlled), obesity, left cerebellar infarct (stroke) (2009),

9   depressive disorder NOS, cognitive disorder NOS, and anemia were "severe"

10  impairments under the Act. (Tr. 296).

11  However, the ALJ concluded that, as of the date last insured, Plaintiff did not

12  have an impairment or combination of impairments that met or medically equaled

13  one of the impairments set forth in the Listings. (T at 297).

14  The ALJ determined that Plaintiff retained the residual functional capacity

15  ("RFC") to perform light work, as defined in 20 CFR § 404.1567 (b), with

16  limitations as follows: she can lift, carry, push, or pull 20 pounds occasionally and

17  10 pounds frequently; stand/walk for about 2 hours in an 8-hour workday; sit for a

18  full 8-hour workday; perform occasional postural activities; no climbing or

19  balancing; no ladders, ropes, or scaffolds; no hazardous machinery or unprotected

20

heights; no foot controls with the left foods; frequent use of hands bilaterally; no more than simple and routine tasks, work in a non-public environment, with no hypervigliance needed and no responsibility for others' safety; and only non-intense interaction with coworkers and supervisors. (T at 298).

The ALJ found that, as of the date last insured, Plaintiff could not perform her past relevant work as a certified nurse assistant or warehouse worker. (T at 302). Considering Plaintiff's age (46 years old on the date last insured), education (at least high school), work experience, and residual functional capacity, the ALJ found that, as of the date last insured, jobs existed in significant numbers in the national economy that Plaintiff could perform. (T at 303).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between April 1, 2009 (the alleged onset date) and December 31, 2013 (the date last insured) and was therefore not entitled to benefits. (T at 304).

**D.    Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 17, at p. 4-5), Plaintiff offers two (2) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, Plaintiff argues that the ALJ did not properly assess the medical evidence concerning her mental health impairments.    Second, she

1    challenges the ALJ's credibility determination.   This Court will address both

2    arguments in turn.

3    **IV. ANALYSIS**

4    **A.   Medical Evidence**

5        In disability proceedings, a treating physician's opinion carries more weight

6    than an examining physician's opinion, and an examining physician's opinion is

7    given more weight than that of a non-examining physician. *Benecke v. Barnhart*,

8    379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

9    1995). If the treating or examining physician's opinions are not contradicted, they

10    can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If

11    contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons

12    that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d

13    1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting

14    medical evidence, and/or the absence of regular medical treatment during the alleged

15    period of disability, and/or the lack of medical support for doctors' reports based

16    substantially on a claimant's subjective complaints of pain, as specific, legitimate

17    reasons for disregarding a treating or examining physician's opinion. *Flaten v.*

18    *Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

19

20

DECISION AND ORDER – CABRERA v BERRYHILL 5:15-CV-01779-VEB

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

In this case, Dr. Earbin Stanciell conducted a consultative psychiatric examination on November 13, 2014. Dr. Stanciell diagnosed depressive disorder NOS and cognitive disorder NOS. (T at 504). He assigned a Global Assessment of Functioning ("GAF") score[3] of 45 (T at 505), which is indicative of serious impairment in social, occupational or school functioning. *Haly v. Astrue,* No. EDCV 08-0672, 2009 U.S. Dist. LEXIS 76881, at *12-13 (Cal. CD Aug. 27, 2009).

Dr. Stanciell assessed mild difficulty maintaining composure and an even temperament; mild difficulties in maintaining social functioning; moderate difficulties focusing and maintaining attention; and moderate difficulties in concentration, persistence, and pace. (T at 505). He described Plaintiff's level of personal independence as "poor," but found she was intellectually and psychologically capable of performing activities of daily living. (T at 505).

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – CABRERA v BERRYHILL 5:15-CV-01779-VEB

1    Dr. Stanciell opined that Plaintiff would have mild limitations with regard to

2    performing simple and repetitive tasks and moderate limitations with respect to the

3    performance of detailed and complex tasks.  He assessed moderate difficulties as to

4    Plaintiff's ability to perform work activities on a consistent basis without special or

5    additional supervision and moderate limitations completing a normal workday or

6    workweek.   Dr. Stanciell found moderate limitations with regard to accepting

7    instructions from supervisors and interacting with co-workers and the public and

8    mild difficulties as to handling usual stresses, changes, and demands of gainful

9    employment. (T at 505).  He characterized Plaintiff's prognosis as "poor." (T at

10   505).

11   Dr. Stanciell also completed a Medical Source Statement of Ability to Do

12   Work-Related Activities (Mental) form, wherein he reported that Plaintiff's "poor

13   concentration, memory, [and] slowed speech" would cause "significant problems

14   communicating [and] cooperating with others." (T at 508).

15   The ALJ gave "some weight" to Dr. Stanciell's opinion (T at 302), but

16   concluded that, as of the date last insured, Plaintiff retained the RFC to perform

17   simple and routine tasks, in a non-public environment, with non-intense interaction

18   with co-workers and supervisors, and provided the work did not require

19   hypervigilance or responsibility for the safety of others. (T at 298).

20

DECISION AND ORDER – CABRERA v BERRYHILL 5:15-CV-01779-VEB

1    For the following reasons, this Court finds the ALJ's assessment of the

2  medical evidence, including Dr. Stanciell's opinion, is supported by substantial

3  evidence.

4    In sum, the ALJ reasonably concluded that the contemporaneous treatment

5  notes, which were generated prior to the date last insured, contradicted Dr.

6  Stanciell's assessment, which was generated after that date.  For example, while

7  Plaintiff consistently expressed difficulties in managing her medications prior to the

8  date last insured, she did not report cognitive dysfunction during her frequent visits

9  with her primary care doctor, Dr. Carina Buhay, between April of 2009 and January

10  of 2011. (T at 167-81, 182-91, 236-40).   In March of 2011, Dr. Buhay referred

11  Plaintiff to a psychologist based on complaints of "mood swings." (T at 271).

12    Dr. Syam Kunam, a psychologist, conducted an initial evaluation on April 22,

13  2011.   He noted generally mild psychiatric symptoms, including mild depressed

14  mood, concentration issues, anxiety, and panic attacks. (T at 510).   He assigned a

15  GAF score of 65 (T at 512). "A GAF of 61-70 indicates '[s]ome mild symptoms

16  (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational,

17  or school functioning (e.g., occasional truancy, or theft within the household), but

18  generally functioning pretty well, [with] some meaningful interpersonal

19  relationships.'" *Tagger v. Astrue*, 536 F. Supp. 2d 1170, 1174 n.8 (C.D. Cal. 2008).

20

DECISION AND ORDER – CABRERA v BERRYHILL 5:15-CV-01779-VEB

Dr. Kunman prescribed medication and, in subsequent appointments, described the medication as "working" and noted that Plaintiff was "doing well." (T at 512-22).

Although Dr. Buhay thereafter added a diagnosis of major depression to Plaintiff's chart, the treatment notes from July of 2011 through March 2013 are largely devoid of psychological complaints and contain generally unremarkable mental status examinations. (T at 272, 274, 278, 280, 282, 286, 289, 550, 552, 555, 564). A May 2013 treatment note indicated that Plaintiff's memory was "poor" (T at 568), but the treatment notes from August 2013 through March of 2015 did not document complaints of serious psychological symptoms. (T at 575, 578, 584, 590, 596, 600, 604, 608, 610, 613, 618, 619, 622).

In January of 2015, Dr. Buhay opined that Plaintiff had "no impairment of recent or remote memory and normal attention span and ability to concentrate." (T at 620). Although Dr. Buhay consistently assessed physical limitations he believed were disabling (in particular, balance and gait disturbance), he never opined that Plaintiff had disabling psychological or cognitive impairments. (T at 569, 573, 577, 580, 586, 591, 598, 602, 606, 612, 615, 621).

In sum, the ALJ reasonably concluded that, based upon the contemporaneous record, the limitations assessed by Dr. Stanciell were not reflective of Plaintiff's limitations prior to the date last insured. *See Bayliss v. Barnhart*, 427 F.3d 1211,

1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

Plaintiff generally did not complain of significant psychiatric symptoms, and received limited mental health treatment, which – per the relevant records – appeared to be effective. *See Johnson v. Shalala,* 60 F.3d 1428,1434 (9th Cir. 1995)(claimant's receipt of conservative treatment is a specific and legitimate reason to reject an opinion the impairment is disabling).

It is certainly possible that Plaintiff's condition worsened after the date last insured and that the limitations assessed by Dr. Stanciell were accurate as of the date of his assessment in November of 2014.  However, the question before this Court is whether substantial evidence supports the ALJ's assessment as of the date last insured.  As set forth above, the ALJ's conclusion in this regard is based on an extensively documented treatment history, which shows few psychological complaints and limited mental health treatment, which appears to have been effective. [4]

---

[4] Plaintiff also takes issue with the ALJ's step five finding that she could perform work as a mail clerk.  The Commissioner concedes that this job would require reasoning skills inconsistent with Plaintiff's RFC, as determined by the ALJ.  However, Plaintiff raises no objection to the other two positions identified by the ALJ at step five (T at 303-304) – addresser and sorter.  As such, the ALJ's error in identifying the mail clerk position was harmless. *See Stout v. Comm'r, Soc. Sec.*

DECISION AND ORDER – CABRERA v BERRYHILL 5:15-CV-01779-VEB

1   Plaintiff argues that the ALJ should have weighed the evidence differently and

2   resolved the conflict in favor of Dr. Stanciell's opinion, finding that assessment

3   more probative as to her level of functioning as of the date last insured.  However, it

4   is the role of the Commissioner, not this Court, to resolve conflicts in evidence.

5   *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at

6   400.  If the evidence supports more than one rational interpretation, this Court may

7   not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d

8   577, 579 (9th 1984). If there is substantial evidence to support the administrative

9   findings, or if there is conflicting evidence that will support a finding of either

10  disability or nondisability, the Commissioner's finding is conclusive. *Sprague v.*

11  *Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was

12  supported by substantial evidence and must therefore be sustained.  *See Tackett v.*

13  *Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably

14  supports the Commissioner's decision, the reviewing court must uphold the decision

15  and may not substitute its own judgment).

16

17

---

18  *Admin.*, 454 F.3d 1050, 1054-55 (9th Cir. 2006) (describing the harmless error test as whether "the
ALJ's error did not materially impact his decision"); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,

19  885 (9th Cir.2006) (holding that an error is harmless if it was "inconsequential to the ultimate
nondisability determination").

20

DECISION AND ORDER – CABRERA v BERRYHILL 5:15-CV-01779-VEB

**B.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff stated as follows: She fatigues easily, has unbalanced movements, feels depressed and agitated, and had unstable hand coordination. (T at 158). She has trouble with concentration, has uncontrolled movements, and

experiences mood swings. (T at 161).  She experiences headaches, shortness of breath, numbness, pain, and difficulty walking. (T at 27-29).  Dizziness is an issue if she tries to stand still for more than 5 minutes. (T at 35).  She can lift only about 2 pounds. (T at 35).  Hand problems make it difficult to write or use a computer. (T at 36).  Bladder control is an issue. (T at 37).  She has difficulty with balance, controlling her feelings, and remembering her medications. (T at 38-39, 318-19).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 299).

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.

The ALJ reasonably concluded that Plaintiff's subjective complaints were not supported by the treatment record and objective evidence.  The treatment notes indicate slight ataxic[5] gait but generally document normal motor strength with no noted need for an assistive device.  Plaintiff was consistently advised to walk and exercise. (T at 167-91, 235-40, 266-90, 300-01, 550-622).   Dr. Sandra Eriks

---

[5] Ataxia is a lack of muscle coordination that may affect speech, eye movements, the ability to swallow, walking, picking up objects, and other voluntary movements.

DECISION AND ORDER – CABRERA v BERRYHILL 5:15-CV-01779-VEB

performed a consultative examination in June of 2010.  She opined that Plaintiff could lift/carry 50 pounds occasionally and 25 pounds frequently; stand/walk 6 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday. (T at 215).  Dr. Eriks assessed no postural, manipulative, visual, communicative, or environmental limitations. (T at 215).  Dr. Robert Moore performed a consultative neurological examination in December of 2010 and made findings generally consistent with the ALJ's RFC determination. (T at 246-47).  The ALJ's findings were also supported by the assessment of Dr. J. Ross, a non-examining State Agency review consultant. (T at 250-56).

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

Moreover, as outlined above, the treatment records with regard to Plaintiff's mental health impairments document few psychological complaints and limited mental health treatment, which appears to have been effective.  "Evidence of

DECISION AND ORDER – CABRERA v BERRYHILL 5:15-CV-01779-VEB

1   'conservative treatment' is sufficient to discount a claimant's testimony regarding

2   the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

3          Lastly, Plaintiff complains that the ALJ did not adequately address the lay

4   testimony provided by her husband.   Although the ALJ noted Mr. Castaneda's

5   testimony (T at 294), he did not explain what weight he gave that testimony.

6   Although this was error, the Ninth Circuit has held that an ALJ's failure to address

7   lay testimony may be harmless where, as here, (a) the ALJ validly rejected the

8   subjective complaints of the claimant and (b) the claimant's complaints were

9   substantially the same as the lay testimony.  *See Valentine* v. Astrue, 574 F.3d 685,

10  694 (9th Cir. 2009); *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

11         Accordingly, this Court finds no reversible error as to this aspect of the ALJ's

12  decision.   In sum, the ALJ validly discounted Plaintiff's subjective complaints (as

13  inconsistent with the treatment history and medical opinion) and the same reasons

14  would constitute "germane" reasons for discounting the lay opinion testimony

15  offered by Plaintiff's husband. *See Stout v. Comm'r, Soc. Sec. Admin*., 454 F.3d

16  1050, 1054-55 (9th Cir. 2006) (describing the harmless error test as whether "the

17  ALJ's error did not materially impact his decision"); *Robbins v. Soc. Sec. Admin*.,

18  466 F.3d 880, 885 (9th Cir.2006) (holding that an error is harmless if it was

19  "inconsequential to the ultimate nondisability determination").

20

DECISION AND ORDER – CABRERA v BERRYHILL 5:15-CV-01779-VEB

# V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

DECISION AND ORDER – CABRERA v BERRYHILL 5:15-CV-01779-VEB

1

## VI. ORDERS

2 IT IS THEREFORE ORDERED that:

3      Judgment be entered AFFIRMING the Commissioner's decision and

4 DISMISSING this action, and it is further ORDERED that

5      The Clerk of the Court file this Decision and Order and serve copies upon

6 counsel for the parties.

7      DATED this 1st day of March, 2017,

8                          /s/Victor E. Bianchini
                        VICTOR E. BIANCHINI
9                UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

DECISION AND ORDER – CABRERA v BERRYHILL 5:15-CV-01779-VEB